FREDERICK A. DUNN, APPELLANT, *v.* THE NEW HAVEN STEAMBOAT COMPANY, RESPONDENT.

*Loss of money and chattels from his berth by a passenger, through the negligence of a steamboat company—charge of the court in reference to the plaintiff's negligence.*

A passenger on a steamboat retired for the night to his birth, where he had with him seventy-three dollars in bills, a gold watch worth sixty or seventy dollars; a gold pen and pencil worth three dollars; railroad tickets for which he paid six or seven dollars, and a silver watch whose value was unknown. These articles he placed in his vest, which was put under his pillow, and when he awoke in the morning the vest and these articles had been stolen.

In an action brought to recover their value from the steamboat company, it was charged that the loss had arisen through the negligence of the persons in charge of the steamer.

The court charged the jury that if they found that it was a negligent act for the passenger to have this amount of money in his berth under the circumstances, instead of giving it to the employees of the company to take care of, that the defendant was entitled to a verdict.

*Held,* that this charge was erroneous; that even if it was negligence for the plaintiff to have this money in his berth, it in no degree contributed to the loss of the other articles which he had in his vest, nor did it affect his right to recover their value.

The court also charged that the plaintiff had a right to carry these things with him on his trip, but not to retain them in his berth.

*Held* that under this charge the jury might have inferred that the plaintiff had no cause of action because of his having taken these articles into his berth, and that the charge was erroneous. (VAN BRUNT, P. J., dissenting.)

APPEAL by the plaintiff Frederick A. Dunn from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 28th day of March, 1890, dismissing the plaintiff's complaint, with costs; and also from an order denying a motion for a new trial, made on the minutes of the court and entered in the office of the clerk of said county on the 26th day of March, 1890, after a trial at the New York Circuit before the court and a jury, at which a verdict was rendered in favor of the defendant.

The action was brought to recover certain money, and the value of certain chattels, which were lost by the plaintiff while he was a passenger on the defendant's steamboat, "Elm City," on a voyage from New York to New Haven, in the night-time, which loss

was alleged to have been occasioned through the negligence of the defendant.

*Hyland & Zabriskie,* for the appellant.

*William J. Kelley,* for the respondent.

DANIELS, J. :

The plaintiff was a passenger on the defendant's steamer from the city of New York to New Haven. He paid his passage-money and received a ticket for the trip, with the number of his berth on its back. He testified that he had with him when he retired seventy-three dollars, in bills; a gold watch, worth sixty or seventy dollars; a gold pen and pencil for which he paid three dollars; railroad tickets, for which he paid six or seven dollars, and a silver watch he had repaired for his brother, for which no value was given, and that these articles were in his vest and placed under his pillow. And that when he awoke in the morning the vest and those articles had been stolen. This evidence was not contradicted.

It was charged in the complaint that the loss was owing to the negligence of the persons in charge of the steamer, which was denied by the defendant. And whether the charge had been sustained was a question for and submitted to the jury. In its submission by the court the legal rules on which the action depended were plainly and clearly brought to the attention of the jury. But, as is usually the fact, that satisfied neither of the counsel. And each requested further intructions, some of which they were not entitled to have submitted to the jury. Among these requests was one by the defendant's counsel in which the court was asked to charge: That if the jury believe the plaintiff was guilty of negligence in disposing of his property in the way he did it is a bar to his recovery. And that was answered by the court:

I so charge. If you find that it was a negligent act for him to have this amount of money in his berth, under the circumstances, instead of giving it to the employees of the company to take care of, if you find affirmatively that that was negligence, then the defendant is entitled to a verdict.

And to that the plaintiff excepted. It did not follow, even if it was negligent for the plaintiff to have this money, which amounted to seventy-three dollars, in his berth, that he should be thereby

defeated altogether in his action. Yet the court so instructed the jury. The direction gave them to understand that the plaintiff must be defeated, if it was negligent for him to have that money in his berth, even though the theft had resulted from the carelessness and inattention of the persons in charge of the business of the steamer. This was an erroneous direction, for such negligence on his part in no way contributed to the residue of the loss, or affected his right to recover the value of the gold watch, the gold pen and pencil, and the railroad tickets, which it was not negligent to carry in this manner.

The court was also requested by the plaintiff's counsel to charge that a passenger on such a steamboat has a right, when he retires, to retain such articles as those the plaintiff had in his possession at the time of retiring. That, the court at first left " it to the jury to say whether, under all the circumstances, that would be justified." The counsel then asked the court again to charge that proposition, and the response was : " He has a right to carry them with him on his trip, but not to retain them in his berth." And to that the plaintiff's counsel excepted. The jurors may be assumed to have been men of plain sense and experience, who would not consider the charge qualified with these particular directions with the legal acumen of persons having a long course of professional training. But they would be very liable to be impressed with the conviction that the plaintiff had no ground of action because of his improper conduct in taking these articles into his berth. The statement was without qualification that he had no right to retain these articles in his berth. And it followed from that direction, as jurors would commonly understand it, that he had no right to complain of their loss by theft. These directions were so plainly given that the jury was not liable to misunderstand them or to fail to act upon them. And their attention would not be diverted from them by what had been very properly said to them previously in the charge. They were the last directions, and as they were so plainly given, must have improperly determined the jury against the plaintiff.

The judgment and order should, therefore, be reversed and a new trial directed, with costs to the plaintiff to abide the result.

BRADY, J., concurred.

VAN BRUNT, P. J. (dissenting) :

This action was brought to recover the value of certain personal property claimed to have been lost by the plaintiff while a passenger on the defendant's boat, the " Elm City," on a voyage from New York to New Haven in the night-time.

It appeared from the evidence that the plaintiff had been a traveling salesman for some time prior to the occurrence in question, and that in December, 1883, he took passage on the " Elm City " for New Haven, leaving New York at 11 P. M. He paid seventy-five cents for his passage ticket. He knew that there were state-rooms on the boat and had used them before himself, but on this occasion he did not take one. A berth was assigned him, the number of which was put upon the back of the ticket. He placed some of his baggage in charge of the officers of the boat, but kept his money and jewelry. The berth occupied by the plaintiff was in the main cabin, which was brightly lighted when he retired, and was lighted when he woke up in the morning. There was a porter in the cabin on watch when he went to bed ; and he testified that when he woke up and discovered his loss the porter was not in sight. It appeared that, upon retiring, the plaintiff took off his vest, putting into it his money, his scarf pin, gold pen-holder and some railroad tickets, folded it up and put it under his pillow.

The evidence further showed that, upon the night in question, there was a watchman in the cabin and two on the deck, and the two deck watchmen went through the cabin every fifteen minutes, and the captain two or three times. There was a safe in the office for securing the valuables of passengers if they saw fit to deposit them ; and there was some dispute as to whether any notice of the existence of such safe was posted in the cabin or not.

Upon the trial the learned court charged the jury that the defendant was a common carrier, and was bound to carry the plaintiff, who was a passenger, to his destination ; that it was bound to take care of the property or baggage that a passenger intrusted it to carry, and that for the property intrusted to its care it would be responsible if the employees of the company failed to deliver it safely at the end of the journey. And that as to such portion of his baggage or wearing apparel as a passenger retained control of and did not give to the agents of the company a different rule applied. The obliga-

tion that the company assumed when it furnished the plaintiff with a berth was to take the care an ordinarily prudent person would take to protect him during the time he was asleep; it was to do what a prudent person would do under the circumstances; not any particular thing, but to use such vigilance as an ordinary prudent person under the circumstances would have used to protect the passenger from molestation and his baggage from robbery. And the question submitted to the jury was whether the defendant had exercised that degree of care toward the plaintiff and his property. The jury found a verdict for the defendant, and from the judgment thereupon entered this appeal is taken. It seems to be sought to impress upon the defendant the liability of an innkeeper. We fail to find any parallel between the obligation of an innkeeper and of a common carrier. The rule has been well settled that as to the personal property which the passenger takes charge of himself the common carrier is to use only ordinary care. He is not an insurer. If this plaintiff had seated himself in the cabin of the defendant and placed his property upon a chair beside him and it had been stolen, there would be no question as to the liability of the common carrier except upon proof showing that the carrier had been negligent in the management of its vehicle of transportation. The rule is entirely different as to those articles which the passenger places under the control of the employees of the common carrier, or in the case where he hires a room upon which there is a lock furnished by the carrier where he has placed his goods entrusting them to the lock so furnished, from the case where the manual custody of the goods themselves is continuously in the passenger.

In the case at bar the condition of the plaintiff was precisely the same as though he had laid down upon a sofa in the cabin to sleep; and the principle of liability of a common carrier has not been carried so far as to insure the goods of a passenger if he was robbed under those circumstances. Unless there was negligence upon the part of the common carrier in taking that ordinary care to prevent the happening of such an occurrence the right of recovery would not exist. And this is all the duty which the defendants owed to the plaintiff — ordinary care; and this the jury found that he had received at its hands, and, consequently, held that he had no right

to recover. There is one exception, however, which it is necessary to especially notice. The plaintiff's counsel made the following request:

"I ask your Honor to charge also, as matter of law, that a passenger on a steamboat, such as this was, has a right, when he retires, to retain such articles as those the plaintiff had in his possession at the time of retiring."

"The COURT — That I refuse to charge as a matter of law. I leave it to the jury to say whether, under all the circumstances, that would be justified."

This request was to the effect that the plaintiff had a right to recover, which, as already seen, was not necessarily the case, and it was for the jury to determine whether such was the fact or not, and, therefore, the court was justified in the refusal. The plaintiff's counsel excepted to the refusal of the court, and then asked the court again to charge that proposition. The court replied: "He has a right to carry them with him on his trip, but not to retain them in his berth."

It is urged that this was directing a verdict for the defendant. But it will be seen from the context that the plaintiff's counsel was urging the court, as matter of law, to charge that he had a right to retain them in his berth, and the answer of the court was to the effect that he had a right, as matter of law, to carry them with him on the trip, but not, as matter of law, to retain them in his berth at the risk of the defendant; and this was all that this charge meant, and because the learned counsel, after insisting upon the court charging that which it had refused to charge, got the opposite proposition from that which he was contending for, he has no reason to complain.

There seems to have been no error and the judgment and order appealed from should be affirmed, with costs.

Judgment and order reversed and new trial ordered, with costs to the plaintiff to abide the result.